IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-81819-TJM |
| | ) | |
| KYLE D. METTIN and | ) | CH. 13 |
| TINAMARIE METTIN, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

     Hearing was held in Omaha, Nebraska, on April 16, 2012, regarding Fil. #71, Amended Objection to Claim filed by Debtor Kyle D. Mettin and Joint Debtor TinaMarie Mettin, and Fil. #77, Resistance, filed by creditor Deborah K. Pierson Mettin. Albert Burnes appeared for the debtors and Deborah Mettin appeared pro se.

     The debtors have objected to proof of claim #22 filed by Deborah K. Pierson Mettin, the former spouse of Kyle D. Mettin. The amount of the claim is $50,977.21 based upon two promissory notes given to Deborah Mettin by Kyle Mettin. The first note was executed October 24, 1997, in the amount of $5,000.00, payable monthly with interest at the rate of 9% per annum. The second note was executed on November 18, 1997, for $9,950.00, payable monthly at the rate of 9% per annum. No payments were ever made.

     An action on any agreement, contract or promise in writing can only be brought within five years. Neb. Rev. Stat. § 25-205. If the notes are considered to be demand notes, the five-year limitations period begins to run on the day after the notes are signed. See Stock v. Meissner, 309 N.W.2d 86 (Neb. 1981). See also J. H. Melville Lumber Co. v. Scott, 281 N.W. 803 (Neb. 1938).

     Because no action was brought on the notes within five years from their execution, and because no payments were made on the notes which may have extended the limitations period, the statute of limitations at Neb. Rev. Stat. § 25-205 provides a bar to collection activity in the courts of the state of Nebraska and is a bar to the allowance of the claim in the bankruptcy court.

     IT IS ORDERED that the amended objection to proof of claim 22, Fil. #71, is granted. The claim is disallowed.

     DATED:    April 19, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Albert Burnes    Deborah Mettin
   Kathleen Laughlin   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.